

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | § § | |
| Plaintiff/Counterclaim Defendant, | § § § | |
| vs. | § § | CIVIL ACTION NO. 6:05-1493-HFF |
| RUSSELL D. GHENT, Defendant/Counterclaim Plaintiff. | § § § § | |

MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

This case seeks a declaratory judgment as to the right of an insurer to setoff certain amounts from its obligation to provide underinsured motorist coverage (UIM) to its insured. The Court possesses jurisdiction by virtue of 28 U.S.C. § 1332. Pending before the Court is Plaintiff/Counterclaim Defendant State Farm Mutual Automobile Insurance Company's (State Farm) motion for summary judgment. Based on the following, the Court will grant the motion in part.

## II.  FACTUAL AND PROCEDURAL HISTORY

The facts in this case are largely undisputed.[1] On August 12, 2002, Defendant/Counterclaim

---

[1] As required when analyzing a motion for summary judgment, the Court views the facts–and recites them here–in a light most favorable to the non-moving party (Ghent).

1

Plaintiff Russell Ghent (Ghent) was riding as a passenger in a vehicle which was involved in a collision with a vehicle driven by Martin Edward Stone (Stone) and owned by Stone's employer Keystone Automotive Industries (Keystone). The driver of the vehicle in which Ghent was a passenger was Christopher Rex Howard (Howard), who was insured under a policy issued by State Farm, with liability limits of $250,000 per person/$500,000 per occurrence. Howard also owned an additional vehicle which State Farm insured under a policy with liability limits of $50,000 per person/$100,000 per occurrence. Keystone's vehicle, however, was insured by other carriers and had limits of $1,000,000 in primary liability coverage and $26,000,000 in umbrella coverage. Finally, Ghent himself owned vehicles which were insured by State Farm and which provided UIM coverage.

Ghent subsequently filed suit in the South Carolina Court of Common Pleas seeking recovery for his injuries and naming Howard, Stone, and Keystone as defendants. The parties participated in mediation on January 19, 2005, in which Ghent settled his claim against Howard for Howard's liability limits of $300,000 and signed a covenant not to execute against Howard. After this mediation, Ghent also settled his claims against Stone and Keystone for $490,000 and signed a release and dismissal of those defendants. In addition, Ghent settled his worker's compensation claim for $100,000, of which only $90,000 was actually received by Ghent.

State Farm brought this action seeking a judgment declaring that it is entitled to setoff (1) the unexhausted liability coverage available to Ghent under Keystone's insurance policies and (2) the amount received by Ghent in worker's compensation coverage from the amount it is obligated to pay Ghent in UIM coverage under its policies issued to him and to Howard. Ghent counterclaimed,

2

alleging that State Farm acted in bad faith in disputing his entitlement to UIM benefits. State Farm now moves for summary judgment on its claims and on Ghent's counterclaim.

## III.   STANDARD OF REVIEW

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Blair v. Defender Servs.*, 386 F.3d 623, 625 (4th Cir. 2004). To demonstrate that he is entitled to judgment as a matter of law, a party moving for summary judgment must first present evidence demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs.*, 945 F.2d 716, 718 (4th Cir. 1991). Once this requirement is satisfied, the burden shifts to the opposing party, who must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Blair*, 386 F.3d at 625 (quoting *White v. Rockingham Radiologists Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987)). In meeting this burden, the party may not rest on allegations made in the pleadings. *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995). Finally, if the evidence is such that a reasonable factfinder could return a verdict for the non-moving party, summary judgment is inappropriate. *Blair*, 386 F.3d at 625.

## IV.   DISCUSSION

### A.   Setoff of Unexhausted Liability Coverage

State Farm first asserts that, under South Carolina law, it is entitled to setoff the amount of liability coverage which was available to Ghent but which was not recovered by him in his settlement with Stone and Keystone from the amount it is obligated to pay him under the relevant

policies providing UIM coverage.² Ghent does not dispute that the law provides for a setoff of the amount of liability coverage not exhausted in a settlement or recovery from a tortfeasor but instead argues that such a setoff is not applicable here because Stone was never found to be at fault in the underlying tort action against him. The Court finds Ghent's argument unpersuasive.

In *Cobb v. Benjamin*, 482 S.E.2d 589 (S.C. App. 1997), the South Carolina Court of Appeals analyzed whether UIM benefits are available when the insured does not recover liability limits from an alleged at-fault driver. After a thorough examination of the issue, the court held that UIM benefits were recoverable in such a situation but that "the UIM carrier is entitled to a credit for any amount of liability insurance coverage not exhausted in a settlement with its insured." *Cobb*, 482 S.E.2d at 597. Ghent now seeks to escape the import of this decision.

Ghent derives his assertion that a defendant must be proven to be at fault before a setoff is permitted from the language used by the court in *Cobb*. Specifically, Ghent maintains that *Cobb* spoke in terms of a setoff for the unexhausted liability coverage of an "at-fault motorist" or a person established to be a "tortfeasor." (Def.'s Mem. Opp. Summ. J. 3-4.) While it is true that the *Cobb* court made numerous references to at-fault drivers and tortfeasors, the Court finds little significance in this choice of words, given that *Cobb* also repeatedly referred to a "putative at-fault driver" in the context of a settlement and covenant not to execute.³ *See* 482 S.E.2d at 594, 595. Ghent's argument

---

² The setoff at issue here relates only to the unexhausted liability coverage under Keystone's policies. Because Ghent settled with Howard for the liability limits provided in Howard's policy, there is no unexhausted coverage under that policy, and it is not relevant in this action.

³ Section 38-77-160 of the South Carolina Code (2002), which provides for and governs UIM coverage, also uses the term "putative at-fault insured." This statutory language, as well as *Cobb's* employment of "putative," supports the inference that a reference to an "at-fault driver" is simply a shorthand way of referring to a party who settles a liability claim against him (with or

4

is also undermined by *Cobb's* express, broadly worded holding:

> We hold § 38-77-160 does not require payment of the applicable liability limits as a precondition to collecting UIM benefits, but the UIM carrier is entitled to a credit for any amount of liability coverage not exhausted in a settlement with its insured.

482 S.E.2d at 597. This statement by the court does not condition setoff on a determination of fault on the part of the party paying under a liability policy and so lends no support to Ghent's argument.

Further, *Cobb's* analysis speaks almost exclusively–its holding does speak exclusively–to the question of whether setoff is permitted when a party *settles* a suit for less than his liability limits. Indeed, the cases relied on by the *Cobb* court almost uniformly involve settlements between a UIM insured and an alleged at-fault driver. *See, e.g., Cobb*, 482 S.E.2d at 594 (citing *Nationwide Mut. Ins. Co. v. Tate*, 438 S.E.2d 266 (S.C. App. 1993); *Ackerman v. Travelers Indem. Co.*, 456 S.E.2d 408 (S.C. App. 1995)). Moreover, in *Cobb* itself the UIM insured had settled her claims against the alleged at-fault driver. Regardless of whether these settlements contained an admission of fault on the part of the alleged at-fault driver, allowing a setoff of the unexhausted liability limits of a settling party is irreconcilable with Ghent's contention that fault must be *proven* before State Farm is entitled to a setoff.[4] (Def.'s Mem. Opp. Summ. J. 5.) In fact, if Ghent's reasoning were correct, setoff would

---

without an admission of fault).

[4] Ghent's reliance on *Smith ex rel. Estate of Smith v. Church Mut. Ins. Co.*, 375 F.Supp.2d 451 (D.S.C. 2005) is misplaced. *Smith* noted that the statutory cap on damages recoverable from a charitable organization could not be overcome unless the alleged tortfeasor was found to be reckless, wilful, or grossly negligent. Thus, despite allegations that the tortfeasor was reckless, wilful, or grossly negligent, the UIM carrier could not setoff the full amount of liability coverage available, but only the unexhausted portion of $600,000 (the amount of the statutory cap). *Smith* is inapposite, however, because it involved a specific statutory cap on damages which could not be overcome "unless it is alleged *and proved* in the action that the employee acted in a reckless, wilful, or grossly negligent manner[.]" S.C. Code Ann. § 33-56-180(A) (Supp. 2004) (emphasis added). In effect, *Smith* applied the *Cobb* setoff rule but substituted a statutory limit on liability coverage in place of the liability limits of the policy. *Smith*, 375 F.Supp.2d at 456 (holding that

be available only after a trial resulting in a judgment against the party covered by a liability policy. Under this logic, defendants could limit their liability exposure by settling a claim and allowing the plaintiff to pursue UIM coverage. *Cobb* clearly precludes such a result. Ghent's position, therefore, necessarily fails, and the setoff rule announced in *Cobb* must be applied here.[5]

### B.      Setoff of Worker's Compensation Benefits

State Farm next maintains that it is entitled to setoff the amount of worker's compensation benefits received by Ghent against any UIM coverage available under its policies. State Farm bases this argument on the holding of the South Carolina Court of Appeals in *Calcutt v. State Farm Mut. Auto. Ins. Co.*, 530 S.E.2d 896 (S.C. App. 2000). Ghent agrees that *Calcutt* provides for such a setoff but takes the unusual step of asking this Court to disregard the holding in *Calcutt* as an unwarranted expansion of South Carolina law. In the alternative, Ghent suggests that the Court certify the issue of Calcutt's validity to the South Carolina Supreme Court. In Ghent's view, the reasoning of the supreme court in *Williamson v. United States Fire Ins. Co.*, 442 S.E.2d 587 (S.C. 1994), which allowed a setoff when an employer paid premiums for both worker's compensation coverage and UIM coverage, does not support the holding in *Calcutt*.

---

"The [insureds], moreover, are not required to exhaust the statutory cap of $600,000 before seeking UIM coverage. To the extent the plaintiffs follow such course, however, [the UIM carrier] is entitled to a setoff for the amount of the liability coverage not exhausted under the statutory cap[,]" and citing *Cobb* in support).

[5] Having rejected Ghent's argument that fault must be proven before setoff is permitted, the Court does not address, first, whether judicial estoppel applies here and, second, the issue of proximate cause under *Horton v. Greyhound Corp.*, 128 S.E.2d 776 (S.C. 1962), and its progeny. *Chawla v. Transmaerica Occidental Life Ins. Co.*, — F.3d —, 2006 WL 538933, at *8 (4th Cir. March 7, 2006) (noting that courts should avoid deciding more than is necessary to decide a specific case).

The Court finds that further briefing on *Calcutt's* viability and on the issue of certification would be helpful, especially given State Farm's failure to address these issues in its memoranda to the Court. Therefore, the Court directs that each party provide a memorandum on these issues to the Court within ten days of the entry of this Order.

## V.     CONCLUSION

Based on the foregoing, the Court concludes that State Farm is entitled to setoff any unexhausted liability coverage available to Ghent under Keystone's liability policies. Therefore, the Court **GRANTS** State Farm's motion for summary judgment as to setoff of unexhausted liability limits. The Court defers ruling on State Farm's motion for summary judgment on its claim for setoff of worker's compensation benefits received pending further briefing of this issue. Based on State Farm's entitlement to setoff, the Court also **GRANTS** State Farm's motion for summary judgment on Ghent's bad faith counterclaim.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
UNTIED STATES DISTRICT JUDGE
